IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:99-CR-0503-JOF |
| | : | |
| | : | CIVIL ACTION NO. |
| LARRY LEE BOSTIC, | : | 1:05-CV-2939-JOF |
| | : | |
| Defendant. | : | |

**OPINION AND ORDER**

This matter is before the court on Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [103-1]; Petitioner's first motion to file supplement [105-1]; and Petitioner's second motion to file supplement [106-1].

Petitioner, Larry Lee Bostic, pled guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and was sentenced to 292 months' imprisonment, ten years' supervised release, and a $100 special assessment. On appeal, Petitioner raised numerous arguments, including the applicability of *Apprendi v. United States*, 530 U.S. 466 (2000), to the relevant conduct provisions of the Sentencing Guidelines; the adoption of challenged facts in the Pre-Sentence Report; the inclusion of disputed conduct in the relevant conduct; the enhancement for leadership role; and the denial of an acceptance of responsibility reduction. Petitioner's conviction and sentence were affirmed by the United States Court of

AO 72A
(Rev.8/82)

Appeals for the Eleventh Circuit in an opinion issued as mandate on November 30, 2001. Of significance here, the Eleventh Circuit rejected Petitioner's *Apprendi* argument holding that *Apprendi* does not apply to relevant conduct determinations where the conduct does not cause the guideline range to exceed the statutory maximum penalty. *See* Slip op., at 8 (at sentencing, the Government had conceded that Petitioner could not be sentenced to more than thirty years' imprisonment).

In his § 2255 motion, Petitioner contends his rights under the Fifth and Sixth Amendments were violated because his sentence was enhanced based on facts not alleged in the indictment, not presented to the jury, and not admitted to by Petitioner. *See United States v. Booker*, 543 U.S. 220 (2005). Petitioner's sentence became final in early 2002. The Supreme Court's ruling in *Booker* does not apply retroactively on collateral review. *See*, *e.g.*, *Varela v. United States*, 400 F.3d 864, 967-68 (11th Cir. 2005). Therefore, Petitioner cannot raise a *Booker* argument.

In his first and second supplemental motions, Petitioner argues that his sentence violated *Apprendi,* citing *Allen v. Reed*, 427 F.3d 767 (10th Cir. 2005), and *Wadlington v. United States*, 428 F.3d 779 (8th Cir. 2005), which held that *Apprendi* applied retroactively on collateral review to the petitioner's habeas application because his direct review was pending at the time *Apprendi* was issued. Petitioner is correct that *Apprendi* was decided while his case was on direct review and, therefore, is applicable to his case. Petitioner, however, already raised his *Apprendi* claim on direct appeal. The Eleventh Circuit held that

2

his sentence did not violate *Apprendi* because it did not exceed the statutory maximum. Because this claim for relief was raised and rejected on direct appeal, it may not be brought in a § 2255 proceeding. *See generally Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994) (per curiam) ("prior disposition of a ground of error on direct appeal, in most cases, precludes further review in a subsequent collateral proceeding"). Therefore, the court finds that Petitioner's *Apprendi* claim is without merit.

For the foregoing reasons, the court DENIES Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [103-1]; DENIES Petitioner's first motion to file supplement [105-1]; and DENIES Petitioner's second motion to file supplement [106-1]

**IT IS SO ORDERED** this 24th day of March 2006.

                                                s/ J. Owen Forrester
                                                J. OWEN FORRESTER
                                      SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)